FILED
March 11, 2010
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0002477838

5 Pages

Mariam S. Marshall, Esq. (Bar No. 157242)
Zunilda Ramos, Esq. (Bar No. 161114)
MARSHALL & RAMOS, LLP
ATTORNEYS AT LAW
The Westlake Building
350 Frank H. Ogawa Plaza, Suite 600
Oakland, California 94612
Telephone: (510) 835-8359
Facsimile: (510) 835-8259
mmarshall@marshallramoslaw.com

Attorneys for Trustee,
PREM N. DHAWAN

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>MICHAEL TRAHAN DESIGN, INC.,<br><br>Debtor. | Case No. 09-43334<br>Chapter 7<br>DCN MAR-002<br><br>Date: April 12, 2010<br>Time: 9:00 am<br>Place: U.S. Bankruptcy Court<br>501 "I" Street, Courtroom 28<br>Department A, 7th Floor<br>Sacramento, CA 95814<br>Judge: Hon. Michael S. McManus |

**TRUSTEE'S MOTION FOR SALE OF**
**PERSONAL PROPERTY OF THE ESTATE**

Prem Dhawan, the duly appointed and acting Chapter 7 trustee for the bankruptcy estate of Michael Trahan Design, Inc., (the "Trustee") will move this Court for an Order authorizing the Trustee to sell the estate's right, title and interest in the assets of the Debtor, which assets include, but are not limited to receivables, office equipment (a list of the office equipment is attached hereto as Exhibit A), inventory, telephone number(s), and customer list (the "Personal Property"). The Trustee proposes to sell the Personal Property "as is" "where is" without warranties and representations, to the former shareholders of the Debtor, Michael Trahan and Martha Trahan (collectively, the "Buyers"), for the net sum of $7,500, subject to overbids and bankruptcy court approval. It is the understanding of the Trustee that the Personal Property is free and clear of liens and encumbrances.

In support of his Motion, the Trustee represents as follows:

1. That Michael Trahan Design, Inc. ("Debtor") filed a Chapter 7 bankruptcy case on October 27, 2009, and Movant is the duly appointed and acting trustee of the Debtor's estate.

2. The Trustee has negotiated an agreement to sell the Personal Property to the Buyers for the net sum of $7,500 ("Purchase Price"), subject to overbids and bankruptcy court approval. Pursuant to the terms of sale the Buyers shall pay the Purchase Price in installments as follows: (1) first two installments totaling $2,000 on or February, 2010; (2) five equal installments of $1,000 per month commencing on March 15, 2010; and (3) the final payment of $500 shall be made no later than August 15, 2010. The Buyers have the option to payoff the Purchase Price prior to August 15, 2010.

3. The terms of sale are as follows:

   A. The sale of the Personal Property by the Bankruptcy Estate to the Buyers is subject to overbids and approval by the Bankruptcy Court;

   B. The Buyers represent that they have full and complete knowledge and understanding of the Personal Property as Buyer, Michael Trahan, operated the Debtor from its inception to the date of commencement of the case. Neither Trustee, nor the Bankruptcy Estate, make any representations and/or warranties with respect to the Personal Property;

   C. All Purchase Price payments shall be made with certified funds;

   D. In the event that the bankruptcy court fails to approve the sale of the Personal Property to the Buyers, then all payments by the Buyers shall be refunded to the Buyers;

   E. Following bankruptcy court approval of the sale of the Personal Property to the Buyers, should the Buyers default and fail to pay any portion of the Purchase Price, the portion of the Purchase Price paid up to the date of default shall be forfeited to the Bankruptcy Estate;

4. The Buyers have made two Purchase Price installment payments totaling

$2,000.

5.  The Trustee believes that it is in the best interests of the estate to sell the Personal Property to the Buyers for the net sum of $7,500. It is the Trustee's business judgment that $7,500 is a reasonable sale price for the Personal Property in light of the fact that: (a) the collectibility of the existing accounts receivables by the bankruptcy estate or a third party employed by the estate is low, will be time consuming, and extremely expensive; and (b) the equipment is depreciating in value.

6.  The Trustee respectfully requests that the Court only approve overbids presented at the hearing that meet the following criteria:

(a)  Overbidding shall start at $8,000 for the Personal Property. Any overbids after the initial $8,000 overbid, shall be in increments of $500.00.

(b)  To qualify as a bidder, the bidder must deliver to the Trustee's counsel's office, located at 350 Frank Ogawa Plaza, Suite 600, Oakland, California, a cashier's check or certified check for $8,000, by no later than end of business on April 7, 2010. The cashier's check or certified check shall serve as a non-refundable deposit if the overbid is successful. In the event that any bidder is not the successful overbidder, the Trustee shall refund that bidder's deposit to the bidder.

(c)  The balance of the overbid price shall be remitted to the Trustee's counsel's office on or before end of business on April 13, 2010.

7.  The Trustee seeks authority to execute any and all additional conveyances, assignments, schedules or other documents as may be necessary to consummate this sale. Further, if the Buyers are not the successful bidder, the Trustee requests authorization to refund the Buyers' deposit in its entirety.

8.  The Trustee further seeks waiver of the ten day waiting period imposed by FRBP 6004(h).

**WHEREFORE**, the Trustee respectfully requests that he be authorized to sell to the Buyers, the estate's right, title and interest in the Personal Property for the net sum of $7,500 pursuant to the provisions of 11 U.S.C. Section 363(b), and authority to execute

any and all additional conveyances, assignments, schedules or other documents as may be necessary to consummate this sale. Further, if the Buyers are not the successful bidder, the Trustee requests authorization to refund the Buyers' initial good faith deposit of $2,000. Finally, the Trustee further seeks waiver of the ten day waiting period imposed by FRBP 6004(h).

Dated: March 10, 2010                    MARSHALL & RAMOS LLP


/s/ Mariam S. Marshall
MARIAM S. MARSHALL
Attorneys for Trustee
PREM N. DHAWAN

## VERIFICATION

I, PREM DHAWAN, hereby declare:

1. I am the duly appointed and acting Chapter 7 trustee of Michael Trahan Design, Inc., case number 09-43334.

2. I have personal knowledge of the facts stated herein and if called as a witness, I could and would competently testify thereto.

3. It is my business judgment that it is in the best interests of the estate to sell the estate's right, title and interest in the assets of the Debtor, which assets include, but are not limited to receivables, office equipment, inventory, telephone number(s), and customer list ("Personal Property"). The proposed purchase price is the highest and best price obtainable for the Personal Property. The sale of the Personal Property on the terms set forth above will allow for the orderly liquidation of estate property.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed on March 10, 2010, in Benicia, California.

/s/ Prem Dhawan
PREM DHAWAN, Trustee